IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EUROFASE INC.<br>33 West Beaver Creek Road<br>Richmond Hill, Ontario<br>Canada L4B 1L8,<br><br>   Plaintiff<br><br>  v.<br><br>ETi SOLID STATE LIGHTING, INC.<br>720 Corporate Woods Parkway<br>Vernon Hills, IL 60061,<br><br>   Defendant. | CASE NO. 1:16-cv-2705<br><br>JUDGE |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND VIOLATION OF OHIO REVISED CODE § 4165.02**

  Plaintiff, Eurofase Inc. ("Eurofase"), alleges as follows for its Complaint against Defendant, ETi Solid State Lighting, Inc. ("ETI"):

  1. This is an action at law and in equity for trademark infringement and dilution, unfair competition, and deceptive trade practices arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051 et seq. ("Lanham Act"); Ohio Revised Code § 4165.02; and the common law.

  2. Defendant ETI is selling ceiling mount lighting fixtures under the mark Easy Light, which is a confusingly similar imitation of Plaintiff Eurofase's registered mark EASY LITE. ETI's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and dilutes and tarnishes the distinctive quality of Eurofase's mark.

## PARTIES

3. Eurofase Inc. is a corporation organized and existing under the laws of Canada, with its principal place of business at 33 West Beaver Creek Road, Richmond Hill, Ontario, Canada L4B 1L8.

4. Upon information and belief, ETi Solid State Lighting, Inc. is a corporation organized and existing under the laws of Ohio, having a principal place of business at 720 Corporate Woods Parkway, Vernon Hills, IL 60061.

## JURISDICTION AND VENUE

1. This Court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has subject matter jurisdiction under the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Eurofase's related state and common-law claims pursuant to 28 U.S.C. §§ 1338 and 1367. In addition, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties' citizenship is diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2. Upon information and belief, this Court has personal jurisdiction over ETI because ETI resides in this district. Upon information and belief, ETI is an Ohio corporation having an office and employees located in this district. In addition, upon information and belief, ETI's corporate headquarters were previously located in this district. This Court also has personal jurisdiction over ETI because ETI has advertised, marketed, distributed or sold infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has engaged in acts or omissions outside of this State causing injury within this State, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, has entered contracts with residents of this State, or has otherwise made or established contacts with this

State sufficient to permit the exercise of personal jurisdiction. This Court also has personal jurisdiction over ETI under Ohio's Long-Arm Statute, RC § 2307.382(A)(1) and (2) because ETI transacts business in this district and contracts to supply goods to this district.

5. This district is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) and (c), because a substantial part of the events or omissions giving rise to Eurofase's claims occurred in this district, and because ETI is subject to personal jurisdiction in this judicial district, and on that basis is deemed to reside in this district.

**FACTUAL BACKGROUND**

3. Since long prior to the acts of ETI complained of herein, Eurofase has been continuously using its mark EASY LITE in connection with lighting fixtures. Eurofase began continuously using EASY LITE in interstate commerce in connection with lighting fixtures at least as early as August 4, 1997.

4. As a result of Eurofase's continuous use of EASY LITE as a source identifier, Eurofase has developed a reputation for quality with respect to its lighting fixtures sold under EASY LITE.

5. As a result of its long usage, EASY LITE has become distinctive as a source indicator for Eurofase's lighting fixtures.

6. Eurofase is the owner of the entire right, title and interest in and to United States Trademark Registration No. 4,120,402 ("the '402 Reg.") of EASY LITE for Lighting fixtures, namely, recessed lighting fixtures, track lighting, chandelier, wall scones, pendant lighting fixtures, ceiling mount lighting fixtures, in International Class 11. A true and accurate copy of the certificate of registration for the '402 Reg. is attached hereto as Exhibit A.

7. The '402 Reg. constitutes conclusive evidence of the validity of EASY LITE and Eurofase's ownership of and exclusive right to use EASY LITE for the goods specified therein. 15 U.S.C. §§ 1065, 1115(b).

8. Eurofase has generated extremely valuable goodwill that is symbolized by EASY LITE and associated with that mark in the minds of consumers. The success enjoyed by Eurofase in selling lighting fixtures throughout the United States and elsewhere in the world under EASY LITE has resulted in the mark becoming an extremely valuable asset of Eurofase and the right to exclusive use of the mark is important to the continued success of Eurofase.

## ETI'S INFRINGING CONDUCT

9. ETI has directly and indirectly infringed Eurofase's trademark rights in EASY LITE for lighting fixtures with full knowledge of Eurofase's rights with respect thereto and of Eurofase's federal registration thereof. Such acts of infringement by ETI have been and continue to be willful and deliberate and Eurofase believes they will continue in the future unless enjoined by this Court.

10. Recently, upon information and belief, ETI began manufacturing and selling private label, "Commercial Electric" branded lighting fixture products for resale by retailer Home Depot. Such products include lighting fixtures sold under the mark EASY LIGHT. An example of one such product, a ceiling mount lighting fixture, is depicted below:



11. In December 2013, ETI filed an application for federal registration of EASY LIGHT for "ceiling lights," in International Class 11. On March 26, 2014, the United States Patent and Trademark Office ("USPTO") issued an office action refusing registration of EASY LIGHT because, according to the USPTO, the mark is confusingly similar to Eurofase's EASY LITE. The office action stated in part:

<u>SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION</u>

Registration of the applied-for mark is refused because of a likelihood of confusion with the marks in U.S. Registration Nos. 4120402; 4339316; and 407511. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq*. See the enclosed registrations.

The applicant applied to register the mark EASY LIGHT for "ceiling lights." The registered marks are a) EASY LITE for "lighting fixtures, namely, recessed lighting fixtures, track lighting, chandelier, wall scones, pendant lighting fixtures, ceiling mount lighting fixtures" …. The marks of the parties are similar.

12. Following receipt of the March 26, 2014 office action, ETI abandoned its application to register EASY LIGHT for ceiling lights in International Class 11.

13. On February 8, 2016, ETI again attempted to register EASY LIGHT for lighting fixtures. Specifically, ETI filed an application for federal registration of EASY LIGHT for "LED (light emitting diode) lighting fixtures; flush mount LED ceiling light fixtures; flush mount LED lighting fixtures mountable into an incandescent socket," in International Class 11.

14. On May 31, 2016, the USPTO issued an office action refusing registration of EASY LIGHT because, according to the USPTO, the mark is confusingly similar to Eurofase's EASY LITE. The office action stated in part:

<u>SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION</u>

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration Nos. 4120402 (EAZY LITE). Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq*. See the attached registration.

15. ETI has been on notice of Eurofase's trademark rights since at least 2014.

16. On August 23, 2016, counsel for Eurofase sent ETI a letter demanding that ETI cease and desist use of EASY LIGHT in connection with light fixtures sold under the Commercial Electric brand. A true and accurate copy of the letter is attached as Exhibit B. ETI never responded.

17. Eurofase has not consented to ETI's manufacture, sale, or distribution of any products bearing the mark EASY LITE.

## COUNT I

### TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT

18. Eurofase incorporates herein by reference the allegations of the foregoing paragraphs 1 through 17.

19. ETI's use of confusingly similar imitations of EASY LITE in association with ETI's sale of private label, "Commercial Electric" branded lighting fixture products for resale by retailer Home Depot, sold under the mark EASY LIGHT, has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that ETI's goods are manufactured or distributed by Eurofase, or are affiliated, connected or associated with Eurofase, or have the sponsorship, endorsement or approval of Eurofase, or enjoy the level of service and technology of, or meet the standards of Eurofase's products.

20. ETI's actions thus constitute direct trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114.

21. ETI knowingly disregarded Eurofase's trademark rights when it sold lighting fixtures under the mark EASY LIGHT to Home Depot for resale to consumers. ETI's actions thus constitute contributory infringement of Eurofase's trademark and/or inducement to infringe Eurofase's trademark in violation of the Lanham Act, 15 U.S.C. § 1114.

22. ETI's direct and indirect trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114 demonstrates an intentional, willful and malicious intent to trade on the goodwill associated with Eurofase's EASY LITE to the substantial and irreparable injury of Eurofase.

23. ETI's conduct has caused, and is likely to continue causing, substantial and irreparable harm to Eurofase. Eurofase is entitled to injunctive relief and to recover ETI's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 114, 1116 and 1117.

## COUNT II

### UNFAIR COMPETITION IN VIOLATION OF
### SECTION 43(a) OF THE LANHAM ACT

24. Eurofase repeats and incorporates by reference the allegations of the foregoing paragraphs 1 through 23.

25. ETI's use of confusingly similar imitations of EASY LITE in association with ETI's sale of private label, "Commercial Electric" branded lighting fixture products for resale by retailer Home Depot, sold under the mark EASY LIGHT, has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that ETI's goods are manufactured or distributed by Eurofase, or are affiliated, connected or associated with Eurofase, or have the sponsorship, endorsement or approval of Eurofase, or enjoy the level of service and technology of, or meet the standards of Eurofase's products. ETI's actions thus constitute unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a).

26. ETI's acts of unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a) demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Eurofase's EASY LIGHT to the substantial and irreparable injury of Eurofase.

27. ETI's conduct has caused, and is likely to continue causing, substantial and irreparable harm to Eurofase. Eurofase is entitled to injunctive relief and to recover ETI's profits, actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

## COUNT III

### DECEPTIVE TRADE PRACTICES IN VIOLATION OF
### OHIO REVISED CODE § 4165

28. Eurofase repeats and incorporates by reference the allegations of the foregoing paragraphs 1 through 27.

29. ETI's use of confusingly similar imitations of EASY LITE in association with ETI's sale of private label, "Commercial Electric" branded lighting fixture products for resale by retailer Home Depot, sold under the mark EASY LIGHT, has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that ETI's goods are manufactured or distributed by Eurofase, or are affiliated, connected or associated with Eurofase, or have the sponsorship, endorsement or approval of Eurofase, or enjoy the level of service and technology of, or meet the standards of Eurofase's products. ETI's acts thus constitute deceptive trade practices in violation of the Ohio Revised Code § 4165.02(a)(2) and (3).

30. ETI's acts of deceptive trade practices in violation of Ohio Revised Code § 4165.02 demonstrate an intentional, willful and malicious intent to deceive the public and to trade on the goodwill associated with Eurofase's EASY LIGHT to the substantial and irreparable injury of Eurofase.

31. ETI's conduct has caused, and is likely to continue causing, substantial and irreparable harm to Eurofase. Eurofase is entitled to injunctive relief and to recover ETI's profits,

actual damages, enhanced profits and damages, costs and reasonable attorneys' fees pursuant to Ohio Revised Code § 4165.03.

## COUNT IV

## COMMON LAW TRADEMARK INFRINGEMENT

32. Eurofase incorporates herein by reference the allegations of the foregoing paragraphs 1 through 31.

33. ETI's use of confusingly similar imitations of EASY LITE in association with ETI's sale of private label, "Commercial Electric" branded lighting fixture products for resale by retailer Home Depot, sold under the mark EASY LIGHT, has caused and is likely to cause confusion, deception and mistake by creating the false and misleading impression that ETI's goods are manufactured or distributed by Eurofase, or are affiliated, connected or associated with Eurofase, or have the sponsorship, endorsement or approval of Eurofase, or enjoy the level of service and technology of, or meet the standards of Eurofase's products. ETI's acts thus constitute infringement of Eurofase's common law rights in the EASY LITE.

34. ETI's acts of trademark infringement demonstrate an intentional, willful and malicious intent to deceive the public and to trade on the goodwill associated with Eurofase's EASY LIGHT to the substantial and irreparable injury of Eurofase. Eurofase cannot presently ascertain the extent of its damage and injury resulting from ETI's trademark infringement.

## PRAYER FOR RELIEF

WHEREFORE, Eurofase prays that:

1. The Court enter judgment that Eurofase's EASY LITE Mark and Eurofase's U.S. Trademark Registration No. 4,120,402 of such mark are valid and infringed by ETI.

2. Defendant ETI, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them be compelled, pursuant to 15 U.S.C. § 1118, to destroy all of the ETI EASY LIGHT packaging and/or products and any advertising and promotional materials and the like in ETI's possession or control relating to the ETI EASY LIGHT products, and file with the Court and serve on Eurofase an affidavit setting forth in detailed the manner and form in which ETI has complied with the destruction requirement.

3. Defendant ETI, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them be enjoined and restrained during the pendency of this action, and permanently thereafter, from the manufacture, dealing in, marketing, sale, advertising or distribution in the United States of lighting fixtures under the mark EASY LIGHT.

4. Defendant ETI, as well as its partners, officers, agents, servants, employees, and attorneys, its successors and assigns, and all others in active concert or participation with them, be required, jointly and severally, to:

(a) account for and pay over to Eurofase all profits derived from its acts of trademark infringement, unfair competition, and dilution in accordance with 15 U.S.C. § 1117(a) and the laws of Ohio, and that this profits award be trebled in accordance with 15 U.S.C. § 1117(a);

(b) pay to Eurofase the amount of all damages incurred by Eurofase by reason of ETI's acts of trademark infringement, unfair competition, and dilution trebled in accordance with 15 U.S.C. § 1117(a);

  (c) pay to Eurofase the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and Ohio Revised Code § 4165.03; and

  (d) file with the Court and serve on Eurofase an affidavit setting forth in detail the manner and form in which ETI has complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

5. Defendant ETI be required to recall all infringing goods from Home Depot?

6. The Court enter judgment of infringement against ETI and an award of all damages sustained by Eurofase including without limitation the profits ETI has derived through its sale of the ETI Products, such award to be enhanced to reflect the willfulness of ETI's infringements, plus prejudgment and postjudgment interest thereon as allowed by law.

7. The Court grant other and further relief as the Court shall deem equitable and just.

Dated: November 7, 2016   /s/ *Mark C. Johnson*
                Mark C. Johnson (0072625)
                mjohnson@rennerotto.com
                Kyle B. Fleming (0064644)
                kfleming@rennerotto.com
                Nicholas J. Gingo (0083684)
                ngingo@rennerotto.com
                Renner Otto
                1621 Euclid Avenue, Floor 19
                Cleveland, Ohio 44115
                t: 216-621-1113
                f: 216-621-6165